Owsley v. Owsley.　(Two cases.)

CASE 65—ACTION BETWEEN W. F. OWSLEY, SR., AND SARAH A. OWSLEY, AND BY W. F. OWSLEY, SR., AGAINST W. F. OWSLEY, JR.

# Owsley v. Owsley (two cases.)

APPEAL FROM CUMBERLAND CIRCUIT COURT.

ON MOTION TO CORRECT TAXATION OF COSTS.
　　(For former opinion, see 77 S. W., 394, 397; 25 Ky. Law Rep., 1194, 1186.)

COSTS ON APPEAL—COPY OF RECORD.

1. The unsuccessful party on appeal is to be taxed with a copy of the record, though the record was obtained from the clerk with an agreement that no charge should be made for a copy except in case of success of the party obtaining it, the fees belonging to the State, and the clerk having no right to give them away.
2. Costs of a copy of the record will not be taxed on appeal where the record was taken out by the attorney only pending petition for rehearing, and under a misapprehension that his client was entitled to its use without liability for a copy.

W. C. MARSHALL, W. S. PRYOR AND CARROLL & CARROLL, ATTORNEYS FOR APPELLANT.

N. B. HAYS, ATTORNEY FOR APPELLEE.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON.

These cases are submitted on the motion of appellant to correct the taxation of costs in so far as a copy of the record in each case is taxed as part of appellee's cost.

In the first case the record was obtained from the clerk by appellee's resident attorney, who argued it orally in this court, upon an agreement of the clerk that his client was not to be charged with a copy unless successful. It is the settled rule of the court that, where the clerk allows the attorneys to take the record upon the agreement that a copy

is to be charged, a copy may be taxed as costs, although not actually made. The fees of the office now belong to the State. If the record is taken from the clerk's office to be used by the attorney, instead of a copy, his client becomes liable for the cost, and the clerk has no authority to agree that he shall not be taxed with the cost of a copy if unsuccessful. The clerk can not give away the money of the State, and his agreement not to charge in any contingency for what the law allows to be charged is not binding on the State. The motion to correct the taxation of costs in the first case is therefore overruled.

In the second case the original attorney declined to take out the record on the understanding that his client was not to be charged with a copy unless successful, and the case was then submitted. A year afterward, and when the case had been decided, and was pending on the petition for rehearing, the resident attorney here took out the record. But in doing this he evidently acted upon the idea that his client was entitled to the use of the record without further liability for a copy. Nothing was then said between him and the clerk. From the entries on the clerk's books, and all the facts as shown by the affidavits, we conclude that this record was withdrawn under a misapprehension, and that no copy of the transcript should be taxed in this case.

The motion to correct the taxation of costs in the second case is therefore sustained, and, it appearing that the clerk has received the money, he is ordered to refund it, to this extent, to the appellant.